No. ——

First Circuit

LEWIS v. RALPH

(February 15, 1928.  Opinion and Decree.)
(March 7, 1928.  Rehearing Refused.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Appeal—Par. 518, 530.**
A motion to dismiss appeal on ground of incomplete record will be overruled where the record appears to be complete.

ON THE MERITS

2. **Louisiana Digest—Appeal—Par. 625.**
Where the finding of the trial court as to matters of fact, namely, that a second contract for the purchase of a farm had been made after the first contract, reducing the purchase price, not being manifestly erroneous, is affirmed.

3. **Louisiana Digest—Injunction—Par. 97; Attorneys—Par. 59.**
$50 damages for attorneys' fees are allowed for dissolution of illegal injunction.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Grover C. Lewis against Mrs. Ruth Ralph.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Matt J. Allen, of Amite, attorney for plaintiff, appellee.

Amos L. Ponder, of Amite, attorney for defendant, appellant.

## ON MOTION TO DISMISS

LECHE, J. Plaintiff and appellee moves to dismiss this appeal on the ground that the record is incomplete, in this that the note of evidence is not therein contained. But the record, as received in this Court, does not contain the note of evidence, and appears to be complete. Therefore the ground upon which the motion is based is not sustained, and the motion to dismiss must be, and is overruled.

## ON THE MERITS

Plaintiff obtained a writ of seizure and sale on a note of $333.34 made and subscribed by defendant, representing the balance of the purchase price of a farm situated in the Parish of Tangipahoa. Defendant opposes the execution of said writ and prays that the plaintiff and the Sheriff be enjoined from proceeding to sell her property. The grounds upon which she bases her opposition and her prayer for an injunction, are substantially as follows:

That on September 18, 1922, she signed a contract in which plaintiff bound himself to sell and in which she bound herself to buy a farm in the Parish of Tangipahoa for the price of $3,500, that there was at the time handed to her a list of movables situated on the farm, but that she consented at the request of plaintiff, not to enumerate these movables in the act of sale which was subsequently passed. That when delivery was made to her, she realized that plaintiff had acted fraudulently, that the movables enumerated on said list had been removed and she then avers that she was duped, and in her petition she specifies the items and articles promised but not delivered to her, viz: pecans, cotton and corn ungathered, chickens, one cow and agricultural implements, which she alleges to have been worth $1,350, for which amount she prays for judgment in reconvention.

The District Court dismissed her opposition and refused to grant the injunction prayed for, and she has appealed.

On the trial of the case, the evidence submitted shows that a preliminary contract for the sale of the farm was drawn up by A. B. Graves, a real estate agent, some time in July or August, 1922, and that at that time, Graves handed to defendant a written list of articles on the farm, the value of which is pleaded in reconvention by the defendant in this proceeding. That defendant either refused to accept or defaulted in the execution of said contract, which fixed the price of the farm at Five thousand dollars. It appears further that subsequently, on September 18, 1922, another preliminary contract was signed by defendant, in which the price of the farm was fixed at Thirty-five hundred dollars and that contract was carried out by the passage of an act of sale from plaintiff to defendant on October 3, 1922. The note on which the writ of seizure and sale was issued in this case, is identified with that act.

After defendant defaulted under the first or preliminary contract, signed in July or August, 1922, plaintiff proceeded to gather the pecans and the cotton on the farm, to use and consume the other articles on the list,' but did not after September 18th, the date of the second preliminary contract, remove or use any article or movable attached to the farm, except part of the corn which was used as feed for the cows and chickens.

It appears that the list of articles for which defendant prays for judgment in reconvention, was intended as part of the

first contract in which the purchase price of the farm was fixed at Five thousand dollars, but had no connection with the second contract which reduced the price of the farm to Thirty-five hundred dollars; that there was no false representation made by plaintiff in drawing up the second contract and that plaintiff delivered to defendant all that he could or intended to sell, the farm and its accessories as it stood on September 18, 1922.

The evidence as we view it and as above recited, seems to sustain the correctness of the judgment of the District Court, dismissing defendant's opposition and refusing her application for a writ of injunction. There is other testimony sustaining the decree appealed from, whereby defendant is condemned to pay Fifty dollars, damages for attorney's fees.

For these reasons the judgment under review is affirmed.